## BOOTH v. McFARLAND.

An emancipated minor, sued on notes given by him for the price of a steamer, purchased after his emancipation for the purpose of being employed by him in transporting freight and passengers, and which was so employed, he commanding her as captain, cannot be relieved from his obligation on the ground of minority. C. C. 2222.

APPEAL from the District Court of Madison, *Curry*, J. The facts of this case are stated on the opinion, *infrá.*

*Shannon*, for the plaintiff. The contract of sale between the parties was a commercial one, as the boat was purchased for the express purpose of carrying freight and passengers for hire; and the owners of the boat conducting that business, were engaged in a commercial partnership. Civil Code, art. 2796, § 3. Commercial partnerships are such as are formed " for carrying personal property for hire in ships and other vessels." Article 465 shows what is meant by personal property. See also 4 La. 110. 3 Rob. 496. 2 Rob. 182. The defendant admits that after the purchase a commercial partnership existed, and defendant would be then bound by his contracts. If he would be bound after the purchase, the contract or purchase of the means to carry on, or commence business, must necessarily be binding upon the defendant, else an emancipated minor would not be bound by a contract for the purchase of goods, or for a loan of money obtained for the purpose of commencing or going into trade.

The defendant, as an emancipated minor, had full authority to make this contract. By article 379 of the Civil Code, the emancipated minor, who is engaged in trade, is considered as having arrived at the age of majority, for all acts which have any relation to such trade. By art. 1867, " a minor who is a banker, factor, trader, or artisan, is not relievable against lesion in contracts made for the purpose of his trade or business." Art. 2222 of the Civil Code declares that, " a minor carrying on commerce, or being an artisan, is not restituable against the engagements into which he has entered in the way of his business or art. See 2 Rob. 517 and 513. 5 Mart. N. S. 653. 2 Toullier, p. 436, no. 1293. He is necessarily bound, otherwise none would trade with him ; he is even permitted to borrow money to obtain his capital, and for securing its re-payment, he can mortgage and hypothecate his immovables. The purchase of the boat on a credit, was the defendant's capital in this case.

*Stacy* and *Sparrow*, on the same side.

*Snyder*, for the appellant. The purchase of a steamboat is not a commercial contract, as the joint owners are not commercial partners; each holds an undivided share, which he may dispose of without consulting the others. Neither can sell the interest of his co-proprietor, without his consent. *Byrne* v. *Hooper*, 2 Rob. 229. In all commercial partnerships the acts of one partner, in the name of the firm, bind the others.

Plaintiff contends that, under article 379 of the Civil Code, the defendant is liable. If he was sought to be rendered liable for any contract entered into after

he had engaged in trade or commenced running the boat for hire, then the article would be properly invoked.

*Dunlap*, also appeared for the appellant.

The judgment of the court was pronounced by

ROST, J.   The defendant being sued upon certain promissory notes pleads minority, and alleges that if he is bound for any portion of the said notes by reason of his emancipation, his obligation cannot exceed the amount of his income, which he alleges to be under one thousand dollars a year.   He also alleges various payments on account.   The court below gave judgment in favor of the plaintiff, allowing on the first note the payments made by the defendant.   From this judgment the defendant has appealed.

There is nothing in the plea of minority.   The defendant, being over eighteen years of age, and duly emancipated, subsequently purchased one undivided half of the steamer Daniel Webster, took command of her, and ran her in the river trade.   After running her some time he purchased the other half, and the notes sued on are the consideration of both purchases.   The purchase of the boat was made in view of the defendant's trade, and a necessary prerequisite to carry it on.   He cannot be relieved against it.   See Civil Code, arts. 1867, 2222.

This youth must have singular notions of justice, to retain after his majority, as he has done, the property purchased, and to call upon the tribunals of his country to dispense him from paying for it.                    *Judgment affirmed.*